## Petrey v. Petrey.

December 3, 1946.

R. L. Brown and Joe S. Feather for appellant.

E. L. Stephens and Glenn Stephens for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

By this action the appellee sought an absolute divorce and custody of, and maintenance for, her son, three and a half years of age. By an answer and coun-

terclaim the appellant sought a divorce on the ground of lewd and lascivious conduct and asked for custody of the child.

The court below granted an absolute divorce to the appellee, awarding the custody of the child to her, and allowed maintenance of $15 per month.

The parties were married on May 4, 1941, at Jellico, Tennessee. At that time the husband was in the armed services and was not discharged until July 1945, which was after this action was instituted but before all proof had been taken. After their marriage the couple went to the home of the husband's parents, but because of his service in the army they never established a home of their own. She lived with him at times around camps where he was based until he was sent overseas.

The evidence for appellant is directed to the wife's alleged misconduct, but the husband does not testify at all. His mother and father seem to have taken charge of the proceedings on his behalf, both of them testifying in the case.

The child was born on June 13, 1943, and after that the wife and her husband's parents lived for a while in Detroit. During this time they would visit each other and the wife would allow her father-in-law and mother-in-law to keep the child for a day or two, after which it would always be returned to its mother. After all of them returned to Kentucky the husband's parents, with the wife's consent, continued to keep the child on various occasions but always returned it until June 1944, when they procured the child and thereafter refused to let the mother have it.

Over 300 pages of testimony were taken and the evidence as a whole shows a constant conflict between the wife and her father-in-law and mother-in-law. The father-in-law, Marsh Petrey, is and has been a peace officer for some fifteen to twenty years. His reputation in the community is both attacked and upheld by witnesses for and against him, several witnesses testifying that his reputation is anything but good.

As stated, the reputation and morals of the wife are vigorously attacked and there is much testimony concerning this. The father-in-law and mother-in-law of ap-

pellee testified to certain facts which if accepted as true would establish the charge made in the answer and counterclaim. An attempt is made to bolster this testimony by a witness who was completely broken down on cross-examination, and whose story appears to be an outright fabrication. Indeed, no mention of this witness' testimony is made in appellant's brief. Other charges were made against appellee's conduct, but they all seem to be subject to explanation except the circumstances outlined by her father-in-law and mother-in-law on the occasion referred to. The appellee denies categorically the truth of the charges.

It would serve no good purpose for us to outline the testimony in this case. It is sufficient to say that we have carefully read and considered it all, and taking it as a whole are more inclined to believe the testimony of the appellee than that of her father-in-law and mother-in-law. At any rate, the chancellor accepted her version and there is ample proof to sustain his findings. Consequently, the judgment will not be disturbed.

Judgment affirmed.